## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### OCTOBER 1997 SESSION



**FILED**

**January 20, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9512-CC-00364 |
| Appellee, | ) |
| | ) Crockett County |
| V. | ) |
| | ) Honorable Dick Jerman, Jr., Judge |
| | ) |
| **JACQUES SHERRON,** | ) (Certified Question- Suppression) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Charles S. Kelly
802 Troy Avenue
P.O. Box 802
Dyersburg, TN 38025-0507

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Clayburn L. Peeples
District Attorney General

Larry Hardister
Assistant District Attorney General
110 S. College Street
Trenton, TN 38382

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Jacques Sherron, was indicted for possession of over .5 grams of cocaine with intent to sell or deliver, possession of marijuana, and evading arrest. He filed a motion to suppress the evidence seized from his house alleging that the warrant authorizing the search was insufficient upon its face. The trial court overruled the motion. The appellant pled guilty to possession with the intent to sell over .5 grams of cocaine, reserving the right to appeal a certified question of law regarding the validity of the search warrant. Upon review, we affirm the judgment of the trial court.

The appellant contends that the warrant authorizing the search failed to show the veracity of the confidential informant or the basis of his knowledge. The state argues that the search warrant considered together with personally observed information supplied by a police officer was sufficient evidence of corroboration to validate the warrant.

A trial court's determination at a suppression hearing is presumptively correct on appeal. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996) The appellant has the burden of overcoming the presumption by showing that the evidence preponderates against the trial court's findings. Id. The Tennessee Supreme Court has held that courts must utilize the two-pronged Aguilar/Spinelli test in determining whether probable cause exists to issue a search warrant. State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989). Before a trial court may issue a search warrant on the basis of information gained from an informant, the police officer requesting the warrant must make a showing of the informant's veracity and of the informant's basis of knowledge. Id. at 436. However, the Supreme Court has stated that this two-prong test should not be applied hypertechnically

and that independent police corroboration could make up deficiencies in either prong of the test. Id.

The affidavit at issue states in pertinent part:

> [A]ffiant has received information from a reliable and confidential informant and this information has proved to be reliable through first hand information of the affiant. This information being that the confidential informant has observed cocaine base (crack) in the possession of and being sold by Jacques Sherron in the above described dwelling within the past 72 hours. The affiant monitored a controlled buy from Jacques Sherron by the confidential informant. The evidence purchased was tested and found to be positive for cocaine base.

The affiant - police officer monitored a controlled buy from the appellant. The police officer testified that the informant had proven reliable in the past and that he actually confirmed the informant's veracity and basis of knowledge by monitoring a buy from the appellant to the informant. This independent police corroboration compensated for any alleged deficiency concerning the history of the informant.

This Court concludes that the search warrant was properly issued. The appellant has failed to carry his burden. The items seized from his home were not subject to suppression. The judgment of the trial court is affirmed.

_____<br>
PAUL G. SUMMERS, Judge

-3-

CONCUR:

_____
JOHN H. PEAY, Judge


_____
DAVID G. HAYES, Judge